The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, Arkansas 71730
Dear Representative Mahony:
This is in response to your request for an opinion of the following question:
 Are there Arkansas laws other than Act 483 of 1979, Ethics in Public Contracting, that would prohibit a full-time or part-time employee of any State Agency of the State of Arkansas from receiving personal, direct or indirect monetary benefits from a contract or subcontract with another State Agency?
It is difficult, given the absence of specific facts, to cite all potentially applicable statutory and constitutional provisions. A.C.A. 21-8-304 (Supp. 1987) should, however, be noted in this regard. State employees are prohibited under that provision from using their positions to secure special privileges or exemptions that are not available to others.
Article 16, Section 4 of the Arkansas Constitution may also be implicated in this instance. This constitutional provision states as follows:
 The General Assembly shall fix the salaries and fees of all officers in the State, and no greater salary or fee than that fixed by law shall be paid to any officer, employee or other person, or at any rate other than par value; and the number and salaries of the clerks and employees of the different departments of the State shall be fixed by law.
The Arkansas Supreme Court has held that this section empowers the legislature to set the maximum rates of salaries for State employees, and that this maximum salary is all that may be received by any employee from public funds. See, Gipson v. Ingram, 215 Ark. 812, 223 S.W.2d 595 (1949). An employee of a State agency who is drawing the maximum salary with that agency would presumably be drawing in excess of that maximum upon receipt of any salary or stipend received by virtue of a contract of employment with another State Agency.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.